JH

UNITED STATES DISTRICT COURT FOR DISTRICT OF RHODE ISLAND

PETER J. BIBBY : CA.NO.________________

VS. :

GLENN SPARR, INDIVUALLY :

AND : CA 08 333ML

DANIEL SCHROCK INDIVUALLY, :

AND JANE AND JOHN DOE ET.AL.AND :

STATE OF RHODE ISLAND ET.AL. IN :

THERE INDIVUAL CAPACITYS :

---

CIVIL RIGHTS COMPLAINT WITH A JURY DEMAND

THIS IS A CIVIL RIGHTS ACTION PURSUANT TO 42USCS 1983 AND IS BEING FILED AGAINST THE ABOVE DEFENDANTS FOR DAMAGES.

JURISDICTION/VENUE

#1 THIS ACTION IS BEING BROUGHT AGAINST EACH OF THE DEFENDANTS, PURSUANT TO 42 USC 1983, TO REMEDY VIOLATIONS OF THE 4TH, 5TH, 6TH, 8TH, AND 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION. THIS COURT HAS JURISDICTION OVER THE PLAINTIFFS CLAIMS PURSUANT TO 28 USC SECTION 1343(3), VENUE IS PROPER IN THE FIRST DISTRICT OF PROVIDENCE, RHODE ISLAND, PURSUANT TO 28 USC 1391 (B).

PARTIES IN THIS ACTION

#2 PETER J. BIBBY, IS THE PLAINTIFF, WHO IS LOCATED AT P.O. BOX 8274, CRANSTON, R.I. 02920, MEDIUM #1 71058 FR1B.

#3 DANIEL SCHROCK IS A DEFENDANT AND A RHODE ISLAND LICENSED ATTORNEY WITH A PLACE OF BUSINESS LOCATED AT 108 SOUTH ANGEL

STREET, PROVIDENCE, RHODE ISLAND, 02906. AND IS BEING SUED FOR HIS ACTIONS UNDER THE COLOR OF STATE LAW AT ALL TIMES RELEVANT TO THIS COMPLAINT.

#4 GLENN SPARR IS A DEFENDANT AND A RHODE ISLAND LICENSED ATTORNEY WITH A PLACE OF BUSINESS LOCATED AT 1 CHARLES STREET, PROVIDENCE, RHODE ISLAND, 02904. AND IS BEING SUED FOR HIS ACTIONS UNDER THE COLOR OF STATE LAW AT ALL TIMES RELEVANT TO THIS COMPLAINT.

#5 STATE OF RHODE ISLAND AND JANE AND JOHN DOE THE "CLERKS" ARE DEFENDANTS AND ARE BEING SUED IN THERE INDIVUAL CAPACITYS FOR THERE ACTIONS UNDER THE COLOR OF STATE LAW AT ALL TIMES RELEVANT TO THIS COMPLAINT, AND THERE ADDRESS FOR SERVICE IS 150 SOUTH MAIN STREET, PROVIDENCE, RHODE ISLAND, 02903.

**FACTS**

#6 GLENN SPARR WAS APPOINTED BY THE SUPERIOR COURT AND HAD A LEGAL DUTY TO REPRESENT ME, AND WAS THE ATTORNEY OF RECORD.

#7 DANIEL SCHROCK WAS APPOINTED BY THE SUPERIOR COURT AND HAD A LEGAL DUTY TO REPRESENT ME, AND WAS THE ATTORNEY OF RECORD.

#8 THE STATE OF RHODE ISLAND OWED THE PLAINTIFF A LEGAL DUTY AND BREACHED THAT DUTY ON DECEMBER 11, 18, AND 26, 2006, BY FAILING TO APPOINT COUNSEL AND GIVE ME A BAIL HEARING UNDER R.I.G.L. AND THE UNITED STATES CONSTITUTION.

#9 GLENN SPARR FAILED TO EXCERCISE DUE DILIGENCE, CARE AND ORDINARY SKILL AND KNOWLEDGE POSSESSED BY AN AVERAGE ATTORNEY IN HIS REPRESENTATION WITH RESPECT TO MY REQUESTS FOR A NEW JUDGE. FAILED TO RAISE ISSUES OF BAIL AND MY CONSTITUTIONAL RIGHTS BEING VIOLATED AT THE VIOLATION HEARING, FAILED TO SUBPHOENA WITNESSES AND PRESENT MY CASE AS DISCUSSED IN PERSON AND IN WRITING, SEE EXHIBIT A.

#10 DANIEL SCHROCK, FAILED TO EXCERCISE DUE DILIGENCE, CARE AND ORDINARY SKILL AND KNOWLEDGE POSSESSED BY AN AVERAGE ATTORNEY IN HIS REPRESENTATION WITH RESPECT TO MY REQUESTS FOR A NEW JUDGE. FAILED TO RAISE ISSUES OF MY RIGHTS BEING VIOLATED AT COURT DATES ON DECEMBER 11, 18, AND 26. FAILED TO RAISE ISSUES RELATING TO THE AMOUNT OF TIME THAT COULD HAVE BEEN VIOLATED. AS A RESULT MY CONCURRENT SENTENCES WERE IMPOSED CONSECUTIVE, AND I WAS UNABLE TO GO FOR PAROLE. THE RESULTING EFFECT TRIGGERED A PRO-LONGED SENTENCE AND CAUSED THE DAMAGES LISTED HEREIN (20-29).

#11 STATE OF RHODE ISLAND CREATED AN EXTERNAL CONSTRAINT THRU ITS POLICYS AND EMPLOYEES, WHO FAILED TO USE DUE CARE, BY WAY OF THERE INABILITY TO APPOINT COUNSEL AS REQUIRED UNDER R.I.G.L. AND THE UNITED STATES CONSTITUTION. THE ERROR RESULTED FROM THE CLERK WHO FAILED TO ISSUE AN ADMINSTRATIVE ORDER TO JUDGE HARWOOD, WHEREAS THE COURT WAS TO APPOINT PRIVATE COUNSEL. THIS WAS DUE TO THE PUBLIC DEFENDERS NEWLY ADOPTED POLICY. AS A RESULT MY RIGHT TO EQUAL PROTECTION, AND RIGHT TO BAIL AND WITNESSES WAS DENIED. THE STATE FAILED TO PROVIDE THE MINIMUM DUE PROCESS PROTECTIONS GUARANTEED BY THE 14TH AMENDMENT OF THE UNITED STATES CONSTIT-UTION, CAUSING A VIOLATION OF 12-19-9, WHICH CAUSED THE DAMAGES HEREIN (20-29), <u>SEE EXHIBIT B</u>.

#12 DUE TO THE NEGLIGENT ACTS OF THE STATE OF RHODE ISLAND THRU ITS EMPLOYEES, MY ATTORNEY GLENN SPARR CONSPIRED WITH THEM IN AN ATTEMPT TO HIDE MISTAKES, KNOWING THAT BY DELAYING I WOULD BE FORCED TO TAKE A DEAL, <u>SEE EXHIBIT A.</u>

#13 GLENN SPARR KNEW BY DENYING ME THE RIGHT TO WITNESSES THAT I WOULD HAVE NO WAY TO POINT THE "CLERKS" ERRORS TO THE STATE.

#14 THE WITNESSES WOULD HAVE PROVEN THAT THE VIOLATION HEARING WAS ILLEGAL AND THAT JUDGE RODGERS WAS A CONFLICT OF INTERESTS.

#15 DUE TO THIS BREACH OF DUTY BY THE STATE AND "CLERKS," THE PLAINTIFF FELL WITHIN THE SPECIAL DUTY EXCEPTION OF THE PUBLIC DUTY DOCTRINE, AS A RESULT THE DEFENDANTS HAVE WAIVED IMMUNITY.

#16 DUE TO GLENN SPARRS CONSPIRACY WITH THE JANE AND JOHN DOE "CLERKS" AND THE STATE OF RHODE ISLAND, GLENN SPARR CALLOUSLY, AND RECKLESSLY, WITHOUT REGARD TO HIS DUTY OWED TO ME INTENTIONALLY AND WILLFULLY WITH MALICIOUS INTENT VIOLATED WITH KNOWLEDGE MY RIGHTS TO COUNSEL, RIGHTS TO DUE PROCESS AND EQUAL PROTECTION, KNOWING THAT BY WITHDRAWING FROM MY CASE ON THE LAST MINUTE I WOULD BE UNABLE TO SUBPHOENA MY WITNESSES NEEDED TO RAISE MY ISSUES. RESULTING IN A CONTINUATION OF THE PREVIOUSLY IMPOSED ILLEGAL SENTENCE. THE PLAINTIFF WAS AT ALL TIMES DILIGENT AND RESPECTFULL AND DID NOT INFLUENCE THE ACTIONS OF GLENN SPARR AND DANIEL SCHROCK, THE DAMAGES WAS CAUSED SOLELY FROM THE ACTIONS OF THE DEFENDANTS, **SEE EXHIBIT A.**

#17 DUE TO DANIEL SCHROCK CONSPIRACY WITH THE JANE AND JOHN DOE STATE ACTORS IN THE SUPERIOR COURT, HE INTENTIONALLY FAILED TO RAISE MY ISSUES, KNOWING THAT BY NOT ARGUING WITH THE JUDGE AND PROSECUTOR WHEN THEY WANTED TO REINSTATE MY CONCURRENT SENTENCES CONSECUTIVE I WOULD BE GIVEN A PRO-LONGED SENTENCE. AS A RESULT OF HIS NEGLIGENCE I WAS GIVEN (90 MONTHS WHEN I ONLY HAD (43) MONTHS THAT COULD HAVE BEEN VIOLATED, **SEE EXHIBIT AFFIDAVIT.**

#18 DUE TO THE ACTIONS ALLEDGED HEREIN 8, 11, 12, 13, 14, AND 15 BY THE "CLERKS" AND THE STATE OF RHODE ISLAND, THE PLAINTIFF SUFFERED A PRO-LONGED SENTENCE, WHICH CAUSED THE DAMAGES LISTED HEREIN (20-29), **SEE EXHIBIT B.**

#19 THE PLAINTIFF ALLEDGES THAT SOME OF THE DAMAGES COULD HAVE BEEN AVOIDED IF MY COURT APPOINTED ATTORNEYS DANIEL SCHROCK AND GLENN SPARR RAISED MY ISSUES THAT WE DISCUSSED IN WRITING AND IN PERSON AT MY COURT DATES. RESULTING EFFECT OF DEFENDANTS NEGLIGENCE THRU CONSPIRACY CAUSED A VIOLATION OF MY 4TH, 5TH, 6TH,8TH, AND 14TH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION, WHICH CAUSED THE DAMAGES LISTED HEREIN (20-29).

## DAMAGES

#20 LOSS OF LIBERTY.
#21 LOSS OF INCOME.
#22 PAIN AND SUFFERING DUE TO POOR TREATMENT AT ACI.

#23 HAS HAD AN IMPACT ON MY PERSONAL INJURY SUIT.
#24 EMOTIONAL DISTRESS IMPOSED UPON MY FAMILY.
#25 PLAINTIFF WAS UNABLE TO COMPLETE SEVERAL CONTRACTS, THAT AS A RESULT OF THIS INCARCERATION I MAY BE A SUBJECT OF FURTHER LITIGATION.
#26 LOSS OF FAMILY HOME, DUE TO THIS CONTINUED INCARCERATION, AND INSUFFICIENT INCOME FOR MY FAMILY TO SURVIVE AND PAY FOR EXPENSES.
#27 LOSS OF TOOLS, LOSS OF EQUIPMENT, AND TRUCKS.
#28 LOSS OF CONTRACTOR LICENSE DUE TO BEING UNABLE TO COMPLETE SEVERAL CONTRACTS, (NOT MY FAULT).
#29 EMOTIONAL DISTRESS, DUE TO LOSS OF MY FAMILY AND BUSINESS.
#30 PLAINTIFF DEMANDS A JURY TRIAL.

## RELIEF

WHEREFORE, FOR THE REASONS STATED HEREIN THIS COMPLAINT PLAINTIFF PETER J. BIBBY DEMANDS JUDGEMENT IN AN AMOUNT SUFFICIENT TO INVOKE THE JURISDICTION OF THIS HONORABLE COURT, TOGETHER WITH PUNATIVE, COMPENSATORY, MONITARY, AND ANY OTHER DAMAGES THIS COURT SEES FIT ALONG WITH ATTORNEY FEES, INTERESTS AND COURT COST.

THE FOLLOWING ATTACHMENTS ARE A PART OF THIS COMPLAINT AND IN SUPPORT THEREOF: EXHIBIT A, B, AND AFFIDAVIT.

THIS ACTION IS PRO-SE AND AS A RESULT I WOULD LIKE TO QUOTE THE FOLLOWING:

HAINES VS. KERNER 404 U.S. 519, 30 Led 2d 652, AND 92S CT 594.

THE UNITED STATES SUPREME COURT HOLDS ALLEGATIONS OF A PRO-SE COMPLAINT TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS DRAFTED BY LAWYERS.

DATED ON: SEPTEMBER 03, 2008

PRESENTED BY:

Peter J. Bibby Pro Se

PETER J. BIBBY PRO-SE
P.O. BOX 8274
CRANSTON, R.I. 02920
MEDIUM #1 71058 FR1B

VERIFICATION

I PETER J. BIBBY, HAVE VERIFIED THAT THE FACTS AND PERSONS ARE TRUE AND CORRECT AS STATED, THOSE FACTS LEARNED ON INFORMATION AND BELIEF I BELIEVE THEM TO BE TRUE BECAUSE THEY CAME TO ME FROM RELIABLE SOURCES. THE FACTS AND DAMAGES ARE ON #2,3,4, AND 5, AND ARE LISTED AS ITEMS NUMBERED (6-30) AND THE PARTIES ARE ON PAGE NUMBERS 1 AND 2 AND ARE LISTED AS ITEM NUMBERS (2-5).

DATED ON: **SEPTEMBER 03, 2008**

PETER J. BIBBY PRO-SE
P.O. BOX 8274
CRANSTON, R.I. 02920
MEDIUM #1 71058 FR1B

UNITED STATES DISTRICT COURT FOR DISTRICT OF RHODE ISLAND

PETER J. BIBBY : CA. NO.________

VS. :

GLENN SPARR, INDIVUALLY :

AND :

DANIEL SCHROCK INDIVUALLY, :

AND JANE AND JOHN DOE ET.AL; AND :

STATE OF RHODE ISLAND ET.AL. INDIVUALLY

## AFFIDAVIT OF SUPPORT
## HISTORY AND TRAVEL

NOW COMES THE AFFIANT WHO STATES UNDER OATH THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT, PURSUANT TO THE PENALTYS OF PERJURY. AS TO THE INFORMATION THAT WAS LEARNED UPON INFORMATION AND BELIEF, IT CAME TO ME FROM RELIABLE SOURCES AND I BELIEVE IT TO BE TRUE. DATED ON **SEPTEMBER 3, 2008** . SIGNED BY: [signature]

PETER J. BIBBY

ON NOVEMBER 03, 2006, PLAINTIFF WAS ARRAIGNED ON P2-2007-1833A AND BAILED ON NOVEMBER 05, 2006, AT THIS TIME THE ABOVE CHARGE TRIGGERED A VIOLATION HEARING, ON P2-2004-2261A, AND K2-2005-0289 BUT THE ATTORNEY GENERAL WAITED UNTIL I MADE BAIL AND REQUESTED A WARRANT ON NOVEMBER 09, 2006, WHEN THE PAPER-WORK WAS READY ON NOVEMBER 03, 2006, THIS WARRANT WAS REQUESTED IN AN EFFORT TO DENY FREEDOM OF LIBERTY AND VIOLATED MY BAIL, IN VIOLATION OF THE CONSTITUTION .

ON DECEMBER 10, 2006, PLAINTIFF WAS ARRESTED AND PRESENTED TO THE COURT DECEMBER 11, AS (32)F PROBATION VIOLATOR BY THE ATTORNEY GENERALS OFFICE, JUDGE HARWOOD APPOINTED THE PUBLIC DEFENDERS, AND CONTINUED THE CASE TO DECEMBER 18, 2006 .

ON DECEMBER 18, 2006, PLAINTIFF WAS BROUGHT IN FRONT OF JUDGE LANPHEAR, IN THE ACI VIDEO COURT, FOR DETERMINATION OF ATTORNEY AND VIOLATION HEARING, AT WHICH TIME PLAINTIFF REQUESTED BAIL AND ATTORNEY, AT THAT TIME DUE TO THE NEWLY ADOPTED POLICY OF PUBLIC DEFENDERS, THEY WERE NOT ENTERING AN APPEARANCE ON PROBATION VIOLATORS UNLESS THE TRIGGERING CHARGE WAS A CAPITOL OFFENSE. AS A RESULT THE CASE WAS CONTINUED FOR APPOINTMENT OF COUNSEL, I EXPLAINED THAT IN ERROR JUDGE HARWOOD APPOINTED THE PUBLIC DEFENDERS, AS A RESULT MY CASE WAS CONTINUED TO DECEMBER 26, 2006.

ON DECEMBER 26, 2006, PLAINTIFF WAS PRESENTED IN COURT ROOM IN FRONT OF JUDGE KEOUGH, AT THAT TIME I EXPLAINED THAT JUDGE HARWOOD HAD APPOINTED THE PUBLIC DEFENDERS WHO NEVER SHOWED UP. I FURTHER REQUESTED BAIL, AT THAT POINT THE AGENT REPRESENTING THE ATTORNEY GENERAL'S OFFICE STOOD UP AND REQUESTED TO AMEND MY 32(F) ON RESTITUTION CASE NUMBER P2-1997-4316A, THAT WAS PAID IN FULL. JUDGE KEOUGH DENIED ME BAIL AND SENT ME BACK TO THE ACI. IN AFTERNOON ON DECEMBER 26, 2006 JUDGE KEOUGH SENT MY CASE TO JUDGE LANPHEAR WHO WITHOUT ATTORNEY OR ME PRESENT, GAVE ME BAIL ON ONE CASE AND HELD ME WITHOUT BAIL ON THE OTHER TWO IN VIOLATION OF 12-19-9. ON DECEMBER 26, 2006 IN AFTERNOON I CALLED THE PUBLIC DEFENDERS AND ASKED THEM WHY THEY DID NOT SHOW UP, I WAS TRANSFERRED TO AN ATTORNEY WHO TOLD ME THAT ALL THE JUDGES KNEW THAT THE PUBLIC DEFENDERS WAS NOT ENTERING AN APPEARANCE AND THAT PRIVATE COUNSEL HAD TO BE APPOINTED. THEY THEN TRANSFERED ME TO THE CLERKS AND I TOLD THEM TO LEAVE A MESSAGE FOR JUDGE HARWOOD TO APPOINT PRIVATE COUNSEL , SEE EXHIBIT B ATTACHED.

ON JANUARY 02, 2007 DANIEL SCHROCK SHOWS UP AT ACI AND TELLS ME THAT HE WAS APPOINTED TO REPRESENT ME IN MY LEGAL NEEDS, HE FURTHER TELLS ME THAT HE WAS APPOINTED BY THE COURT ON DECEMBER 26, 2006, I FOUND THE LETTER THAT WAS MAILED TO DANIEL SCHROCK BY THE COURT DATED ON DECEMBER 27, 2006, AFTER EXPLAINING MY CASE TO DANIEL SCHROCK HE TELLS ME THAT WE WERE GOING TO A VIOLATION HEARING ON JANUARY 03, 2007 AND I REQUESTED BAIL. HE NEVER RAISED THE ISSUE NOR DID HE ARGUE WITH THE ATTORNEY GENERAL'S OFFICE WHEN THEY WANTED TO REINSTATE MY PREVIOUSLY IMPOSED CONCURRENT SENTENCES CONSECUTIVE, AS A RESULT OF DANIEL SCHROCK NEGLIGENCE I WAS GIVEN 90 MONTHS WHEN I ONLY HAD 43 MONTHS THAT COULD HAVE BEEN VIOLATED; JUDGE RODGERS ON JANUARY 09, 2007 SAID THAT HE WOULD ORDER A PRESENTENCE REPORT TO SEE IF I COMPLIED WITH MY PREVIOUSLY IMPOSED PROBATION ON P2-1997-4316A, THIS CASE WAS A RESTITUTION CASE THAT WAS PAID IN FULL.

ON FEBUARY 21, 2007 I WROTE A LETTER TO JOHN HARDIMAN REQUESTING A LETTER ON HOW THE JUDGES WERE INFORMED THAT THEY HAD TO APPOINT PRIVATE COUNSEL, I FINALLY CALLED JOHN HARDIMAN ON MARCH 21, 2007 AND HE TOLD ME THAT THE JUDGES SHOULD HAVE KNOWN, AND THAT DO TO THE FACT THAT DANIEL SCHROCK WITHDREW ON MARCH 20, 2007 HE WOULD BE SENDING SOMEONE BY TO TALK TO ME IN ORDER TO FILE THE NECESSARY MOTIONS TO CORRECT AND VACATE THE SENTENCES.

ON MARCH 27, 2007 I WROTE A LETTER TO JOHN HARDIMAN TO CONFIRM ALL THAT WAS SAID.

ON APRIL 12 DAVID CANON CAME TO ACI MEDIUM #1 AND WE DISCUSSED IN GREAT DETAIL HOW THE STATE FAILED TO PROVIDE ME WITH THE MINIMUM DUE PROCESS IN ORDER TO REVOKE PROBATION, DAVID CANON SAID I HAD

A GOOD ARGUMENT AND FILED THE MOTION TO VACATE THE ILLEGALLY IMPOSED SENTENCE ON APRIL 17, 2007. I THEN ASKED DAVID CANON HOW THE JUDGES WERE INFORMED THAT THEY HAD TO APPOINT PRIVATE COUNSEL AND HE TOLD ME THAT HE WOULD TALK TO HIS SUPERIORS AND FIND OUT, IN EARLY MAY 2007, HE CAME BACK AND TOLD ME THAT HE SPOKE TO JOHN HARDIMAN, WHO TOLD HIM THAT THE SUPERIOR COURT FOUND OUT THRU A PHONE CONVERSATION WITH JUDGE RODGERS, I THEN ASKED WHY WAS I NOT APPOINTED PRIVATE COUNSEL? DAVID CANON SAID THAT EITHER JUDGE RODGERS OR THE CLERKS, ISSUED AN ADMINSTRATIVE ORDER AND THAT IS HOW THE OTHER JUDGES FOUND OUT. I THEN ASKED DAVID CANON TO FILE THE MOTIONS TO CORRECT MY SENTENCES, AND HE FILED THEM ON MAY 09 , 2007, A MOTION TO CORRECT AN ILLEGALLY EXECUTED SENTENCE AND A MOTION TO REVERSE THE ILLEGALLY IMPOSED SENTENCE. I THEN ASKED DAVID CANON TO SUBPHOENA JOHN HARDIMAN AND DANIEL SCHROCK TO COURT, SO TO POINT THIS JUDICIAL MISCONDUCT TO JUDGE HARWOOD AND THE "CLERKS" THAT WAS IMPOSED UPON ME, DAVID CANON SAID HE WOULD GET BACK TO ME SHORTLY.

ON MAY 08, 2007, DAVID CANON WAS TOLD BY HIS SUPERIORS THAT THE PUBLIC DEFENDER'S HAD A CONFLICT DUE TO MY REQUEST FOR JOHN HARD-IMAN TO TESTIFY, AND AS A RESULT WITHDREW ON MAY 08,2007. JUDGE LANPHEAR APPOINTED GLENN SPARR ON MAY 10, 2007.

ON MAY 10, 2007 GLENN SPARR WAS APPOINTED TO REPRESENT ME, I WAS PERFECTLY HAPPY WITH THE REPRESENTATION OF THE PUBLIC DEFENDERS, GLENN SPARR WAS NEEDED TO PRESENT MY WISHES AND TO SUBPHOENA JOHN HARDIMAN AND DANIEL SCHROCK FOR THE SOLE PURPOSE TO DISCREDIT THE ACTIONS BY THE SUPERIOR COURT CLERKS, FOR THERE FAILURE TO INFORM JUDGE HARWOOD.

ON MAY 27, 2007, I WROTE A LETTER TO GLENN SPARR REQUESTING HIS

ASSISTANCE AT THE ACI, AFTER SEVERAL PHONE CALLS AND MISSED APPOINTMENTS HE FINALLY SHOWED UP ON JUNE 13, 2007.

ON JUNE 13, 2007 GLENN SPARR AND I DISCUSSED IN GREAT DETAIL HOW THE STATE OF RHODE ISLAND VIOLATED MY RIGHTS, I EXPLAINED THAT IN ERROR JUDGE HARWOOD APPOINTED THE PUBLIC DEFENDERS WHO NEVER SHOWED UP, WHEN ALL OF THE JUDGES KNEW OR SHOULD HAVE KNOWN AND IT WAS DUE TO THIS NEGLIGENCE THAT I WAS DENIED EQUAL PROT-ECTION DUE PROCESS AND FREEDOM OF LIBERTY AND APPOINTMENT OF COUNSEL. I FURTHER EXPLAINED THAT BECAUSE JUDGE RODGERS WAS THE SOURCE OF THIS EXTERNAL CONSTRAINT THAT DENIED MY CONSTITUTIONAL RIGHTS THAT HE WAS A CONFLICT OF INTERESTS, AND THAT IF HE DID NOT APPROVE MY MOTIONS TO VACATE AND CORRECT THAT I WOULD FILE A COM-PLAINT. GLENN SPARR TOLD ME THAT DO NOT WORRY HE WOULD TAKE CARE OF EVERYTHING. ON JUNE 13, 2007 GLENN SPARR AGREED TO ABIDE BY ATTORNEY CLIENT/PRIVILEDGE AND TO KEEP ME INFORMED OF ALL ACTION TAKEN ON MY BEHALF, I PREPARED A LETTER DATED JUNE 10, 2007 AND WE DISCUSSED ITS CONTENTS IN GREAT DETAIL, GLENN SPARR SAID HE WOULD GET THE RECORDS THAT I DID NOT PROVIDE FROM PUBLIC DEFENDER AND PRIOR TO THE COURT DATE OF JUNE 25, 2007 HE WOULD REVIEW EVERY-THING AND NOT TO WORRY, SEE LETTERS EXHIBIT A.

ON JUNE 14, 2007 I CALLED CATHERINE GIBRAN FROM THE PUBLIC DEFENDERS OFFICE WHO HAD ALL MY FILES PHOTO COPIED AND HAND DEL-IVERED TO GLENN SPARR, I THEN RECEIVED A LETTER ON JUNE 21, 2007.

ON JUNE 21, 2007 I RECEIVED A LETTER FROM GLENN SPARR INDICAT-ING THAT HE RECEIVED ALL MY FILES AND THAT PRIOR TO THE COURT DATE OF JUNE 25, 2007 HE WOULD REVIEW ALL OF MY CRIMINAL ISSUES

AND THAT HE WOULD SEE ME IN COURT.

ON JUNE 25, 2007, I WAS RUSHED TO THE SEAT AND LOOKED AROUND AND DID NOT SEE THE WITNESSES THAT I REQUESTED, I ASKED GLENN SPARR WHERE WAS THE WITNESSES AND GLENN SPARR SAID THAT HE HAD A BRIEF CONFERENCE WITH JUDGE RODGERS, AND THAT JUDGE RODGERS WANTED THE CONTENTS OF THE CONFERENCE READ ON THE RECORD, GLENN SPARR PRESENTED MY CASE BUT NONE OF MY ISSUES THAT WE TALKED ABOUT WERE BROUGHT UP, AS A RESULT MY SENTENCES WERE NOT VACATED NOR WERE THEY CORRECTED AS FILED BY THE PUBLIC DEFENDERS. JUDGE RODGERS SAID THAT HE WOULD REQUEST A COPY OF MY PREVIOUSLY IM-POSED SENTENCES CASE NUMBERS P2-2004-2261A AND K2-0205-0289A, AND HE WOULD SEE ME IN COURT ON JULY 17, 2007. I ASKED GLENN SPARR WHY HE DID NOT SUBPHOENA MY WITNESSES AND HE SAID DO NOT WORRY YOUR CASE IS APPEALABLE, AND I WILL IMMEDIATELY FILE A MEMORANDUM WITH THE COURT SO TO PRESENT YOUR ISSUES, THAT WAS NEVER DONE. GLENN SPARR DID NOT PRESENT MY MOTIONS TO THE COURT AS WE DIS-CUSSED NOR AS THE PUBLIC DEFENDERS FILED THEM. AS A RESULT OF GLENN SPARR CONSPIRACY WITH THE CLERKS AND ATTORNEY GENERALS I WAS FORCED TO ACCEPT A PLEA, ALL DO TO HIS EFFORT TO PROTECT THE COURT FROM THERE INAPPROPIATE ACTIONS THRU CRIMINAL CONSPIRACY IN VIOLATION OF 18 USCS-241-242. SEE EXHIBIT A ATTACHED.

ON AUGUST 8, 2008, I FILED COMPLAINT WITH THE SUPREME COURT DISCIPLINARY BOARD DAVID CURTIN, I EXPLAINED EVERTHING THAT WAS GOING ON AND THAT GLENN SPARR WAS STALLING FOR TIME, AND THAT HE FAILED TO RAISE MY ISSUES, DAVID CURTIN NEVER RESPONDED.

ON SEPTEMBER 04, 2008, I WAS BROUGHT TO COURT ON THE NEW CHARGE CASE NUMBER P2-2007-1833A, GLENN SPARR WANTED TO ENTER HIS APPEAR

APPEARANCE ON THIS NEW CHARGE, AND ASSURED THE COURT HE WOULD BE DILIGENT, I GOT UP AND ASKED JUDGE KRAUSE FOR A NEW LAWYER, DO TO THE FACT THAT GLENN SPARR DID ABSOLUTELY NONE OF THE THINGS THAT I REQUESTED OF HIM BOTH IN WRITING AND IN PERSON. SEE LETTER TO GLENN SPARR IN EXHIBIT A, AND I WAS AFRAID OF HIS DIS-LOYALTY TOWARDS HIS HANDLING OF MY CASE TO CORRECT AND VACATE SENTENCES. JUDGE TERMINATED HIS SERVICE AND APPOINTED JUDITH CROWELL, WHO DID AS GOOD A JOB AS COULD BE EXPECTED.

ON SEPTEMBER 17, 2007, I WAS BROUGHT IN FRONT OF JUDGE RODGERS SO THAT GLENN SPARR COULD COMPLETE THE JOB THAT HE WAS HIRED BY THE STATE TO DO, REPRESENT ME IN MY BEST INTERESTS. JUDGE RODGERS ASKED GLENN SPARR IF HE WAS READY AND STOOD UP AND REQUESTED TO WITHDRAW, INDICATING THAT HE DID NOT FEEL COMFORTABLE, JUDGE RODGERS ALLOWED GLENN SPARR WITHDRAW LEAVING ME STRANDED WITH NO LAWYER TO PRESENT MY ISSUES, AS A RESULT JUDGE RODGERS CREDITED A TWO YEAR SENTENCE REDUCTION OFF OF MY SENTENCES, ADJUSTED MY SENT-ENCES TO (66) MONTHS WHEN I ONLY HAD (43) MONTHS LEFT THAT COULD HAVE BEEN VIOLATED. THE NET RESULT DENIED MY OPPORTUNITY TO GO FOR PAROLE AND DENIED ME EFFECTIVE ASSISTANCE OF COUNSEL, AND EQUAL OPPORTUNITY UNDER THE LAW. NO ONE TOLD ME THAT I WOULD HAVE TO FORWARD AN ORDER TO JUDGE RODGERS TO GET THE TWO YEAR CREDIT REDUCED FROM MY SENTENCE HERE AT THE ACI, AS A RESULT THE D.O.C. STILL SHOWS THAT I AM DOING (90) MONTHS, WHEN AFTER I REALIZED THIS I WROTE TO THE COURT REQUESTING TRANSCRIPTS AND THE COURT TO FORWARD THE SENTENCE CREDIT TO THE ACI, WITH NO RESPONSE.

VERIFICATION

I PETER J. BIBBY DO SOLEMLY SWEAR THAT THE FACTS AND STATEMENTS MADE BY ME ARE TRUE AND CORRECT AS I KNOW THEM TO BE, AS TO THE FACTS THAT WAS LEARNED UPON INFORMATION AND BELIEF, I BELIEVE THEM TO BE TRUE BECAUSE THEY CAME TO ME FROM RELIABLE SOURCES. THIS AFFIDAVIT IS BEING MADE WITHOUT THREAT AND PURSUANT TO THE PAINS OF PERJURY.

DATED ON: SEPTEMBER 03,2008 SIGNED BY: ____________

PETER J. BIBBY PRO-SE
P.O. BOX 8274
CRANSTON, R.I. 02920
MEDIUM #1 71058 FR1B

ATTACHMENTS ARE: TWO EXHIBITS A & B.