UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PETER J. BIBBY

v.  C.A. NO. 08-333 ML

GLENN SPARR, ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Peter J. Bibby, *pro se*, is an inmate at the Rhode Island Adult Correctional Institutitions ("ACI") in Cranston, Rhode Island. Plaintiff filed the current action under 42 U.S.C. § 1983 ("§1983") naming Glenn Sparr ("Sparr"), Daniel Schrock ("Schrock"), the Rhode Island Superior Court Clerks (designated as John and Jane Doe) (the "RISC Clerks"), and the State of Rhode Island as defendants (Docket # 1). Presently before the Court is Plaintiff's motion, filed simultaneously with his complaint, to proceed *in forma pauperis* (Docket #2).

This matter has been referred to me for determination; however, upon screening Plaintiff's complaint as required by 28 U.S.C. § 1915A ("§ 1915A"), I have found that Plaintiff's complaint fails to state a claim on which relief may be granted. Therefore, I address this matter by way of this Report and Recommendation. For the reasons stated below, I recommend that Plaintiff's complaint be DISMISSED and his motion to proceed *in forma pauperis* be DENIED.

## BACKGROUND

The facts described by Plaintiff in his complaint and the exhibits attached thereto are summarized as follows:

On December 11, 2006, Plaintiff was arraigned before Judge Harwood of the Rhode Island Superior Court ("RISC") for violating probation on several convictions. At this arraignment, the judge appointed the Rhode Island Public Defender's Office ("PDO") to

1

represent Plaintiff for the probation violation, unaware of the PDO's new policy not to represent clients for probation violations in non-capital cases, such as Plaintiff's. On December 18, 2006, Plaintiff was brought before the RISC for determination of attorney and a probation violation hearing; however, due to the PDO's policy, no attorney was present to represent Plaintiff. Plaintiff requested bail, but the case was continued to December 26, 2006.

At the December 26th hearing, Plaintiff still had no attorney. His renewed request for bail was denied, and Plaintiff was again remanded to the ACI. Later that day, without Plaintiff or an attorney present, RISC Judge Lamphear denied bail. The same day, Plaintiff left a message for Chief Judge Rodgers of the RISC requesting appointment of private counsel. Defendant Schrock, a private attorney, was appointed.

Plaintiff's violation hearing was held on January 3, 2007, with Schrock representing him; however, Schrock neither requested bail nor objected when Plaintiff's suspended concurrent sentences were imposed as consecutive. As a result, Plaintiff was sentenced to 90 months instead of the 43 months remaining on the sentences subject to the probation violation.

On March 20, 2007, Schrock withdrew from the case. Plaintiff called the PDO to find out why Judge Harwood had appointed a PDO attorney initially even though the PDO's were not taking cases like his. He spoke with John Hardiman ("Hardiman") of the PDO, who indicated that Chief Judge Rodgers had issued an administrative notice informing the RISC judges of the PDO policy and the RISC Clerks should have passed such notice to the RISC judges.

Defendant Sparr, a private attorney who had been appointed as Plaintiff's lawyer after Schrock withdrew, represented Plaintiff at his next court appearance on June 25, 2007. Plaintiff had requested Sparr to subpeona Hardiman and Schrock to testify regarding (1) the failure of the RISC Clerks to disseminate Chief Judge Rodgers' notice regarding the PDO policy to the RISC judges and (2) the resulting failure of the State to appoint counsel for Plaintiff at hearings on

December 11, 18 and 26, 2006. However, Sparr did not subpoena any witnesses. Sparr also failed to present Plaintiff's motions (i) for a new judge (based on Plaintiff's allegation that Chief Judge Rodgers, who had failed to have the PDO policy passed to the other RISC judges, had a conflict of interest) and (ii) to correct the sentence that had been erroneously imposed consecutively rather than concurrently. At the next hearing regarding the probation violation, on September 17, 2007, Sparr withdrew as Plaintiff's lawyer, leaving him with no lawyer to argue when Chief Judge Rodgers reduced the sentence from 90 to 66 months, even though he had only 43 months left on the sentences subject to the probation violation.

Plaintiff filed suit in this Court on September 8, 2008. He claims defendants violated his constitutional rights pursuant to the 4th, 5th, 6th, and 14th amendments. Specifically, he alleges that the State violated his rights by not providing him with an attorney at the hearings on December 11, 18 and 26, 2006 or with a bail or violation hearing within the time frame required by Rhode Island General Law § 12-19-9.[1] He further alleges that Schrock and Sparr violated his rights by failing to exercise due diligence, care and ordinary skill and knowledge of an average attorney in representing his interests, and by engaging in a conspiracy with the RISC Clerks to cover up the clerks' failure to issue the administrative order regarding the new PDO policy. Finally, he alleges that the RISC Clerks violated his rights to equal protection, bail and witnesses by failing to disseminate the new PDO policy to the RISC judges. He claims that as a result of the foregoing violations of his rights he: did not receive bail, was sentenced to 66 months rather than the 43 months he had left to serve on his sentences, was unable to go for parole, and suffered various damages including loss of liberty and loss of income.

---

[1] Rhode Island General Law § 12-19-9 provides that, after the attorney general has caused a person suspected of a probation violation to appear in court, the court "may order the defendant held without bail for a period not exceeding ten (10) days, excluding Saturdays, Sundays, and holidays. The court shall conduct a hearing to determine whether the defendant has violated the terms and conditions of his or her probation, at which hearing the defendant shall have the opportunity to be present and to respond." RIGL § 12-19-9 (1956).

## DISCUSSION

**I.     Screening Under § 1915A and § 1915(e)(2)**

Section 1915A directs the Court to screen prisoner complaints against a governmental entity, officer or employee before docketing or soon thereafter to identify cognizable claims, and requires the Court to dismiss the complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Similarly, 28 U.S.C. § 1915(e)(2) instructs the Court to dismiss the case of a person proceeding *in forma pauperis* for identical reasons. 28 U.S.C. § 1915(e)(2).

Here, the issue is whether plaintiff's complaint states claims for which relief may be granted from defendants who are not immune. In making this determination, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To state a claim for relief, a pleading must contain factual allegations that "raise [plaintiff's] right to relief above the speculative level" and "give the defendant fair notice of what the ... claim is and the grounds upon which it rests". *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed.R.Civ.P. 8(a)(2).

Plaintiff has brought this action under 42 U.S.C. § 1983. In order to maintain a § 1983 action, the conduct complained of must have (1) been committed by a person acting under color of state law and (2) deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). As discussed below, I find that defendants are not subject to suit in this § 1983 action.

## II. State of Rhode Island Not a "Person" Under § 1983

In *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989), the United States Supreme Court held that a State is not a "person" as that term is used in § 1983, and thus is not susceptible to suit under § 1983. Accordingly, I recommend that the action against the State of Rhode Island be DISMISSED for a failure to state a claim.

## III. Appointed Counsel: No Action Under Color of State Law

Plaintiff names Schrock and Sparr as defendants for their "actions under the color of state law." Docket # 1, at 2. However, Schrock and Sparr are private attorneys who had been appointed by the court to represent Plaintiff. It is well established that the appointment of a private attorney by the court to represent a defendant in a criminal proceeding does not convert the private attorney's actions into acts "under color of state law" or state-law malpractice claims into constitutional claims subject to § 1983 liability. *See Malachowski v. City of Keene,* 787 F.2d 704, 710 (1st Cir. 1986)(court-appointed private attorney does not act under color of state law for purposes of § 1983), *cert. denied,* 479 U.S. 828 (1986).

Nonetheless, a private party's actions can be construed as "under color of state law" if: (1) his conduct is "fairly attributable to the state", *Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 937 (1982); (2) he is exercising government powers or representing the interests of the state, *see NCAA v. Tarkanian,* 488 U.S. 179, 196 (1988); or (3) he conspires with a state official to deprive another of federal rights, *see Tower v. Glover,* 467 U.S. 914, 916 (1984); *Dennis v. Sparks,* 449 U.S. 24, 27-28 (1980). Here Plaintiff suggests that Schrock and Sparr conspired with the RISC Clerks to cover up the RISC Clerks' failure to disseminate the new PDO policy to the RISC judges. Complaint, at 3-4. Plaintiff's claim of a conspiracy, however, is based solely on bald assertions and unsubstantiated conclusions of the type a court need not credit. *See AVX Corp.,*

962 F.2d at 115. His Complaint includes only limited references to the alleged conspiracy. With respect to Schrock, Plaintiff states only:

> "Due to Daniel Schrock [sic] conspiracy with the Jane and John Doe state actors in the Superior Court, he intentionally failed to raise my issues, knowing that by not arguing with the judge and prosecutor when they wanted to reinstate my concurrent sentences consecutive [sic] I would be given a pro-longed sentence."

Complaint, at 4. With respect to Sparr, Plaintiff similarly alleges:

> "Due to the negligent acts of the State of Rhode Island thru its employees, my attorney Glenn Sparr conspired with them in an attempt to hide mistakes, knowing that by delaying I would be forced to take a deal...Glenn Sparr knew by denying me the right to witnesses that I would have no way to point the 'clerks' errors to the state."

Complaint, at 3. Alternatively, Plaintiff contends that Sparr failed to present his motions to vacate or correct his sentence and for a new judge as a result of a conspiracy with the "clerks and attorney generals ... all do [sic] to [Sparr's] effort to protect the court from there [sic] inappropriate actions thru criminal conspiracy in violation of 18 USCS-241-242." Complaint, attachment #1, at 6.

Although there is no heightened pleading requirement for allegations of a conspiracy in a civil rights action, *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61 (1st Cir. 2004), a complaint must raise the allegations above the speculative level, *Twombly*, 127 S.Ct. at 1959. Here, plaintiff's conclusory allegations, without any details or explanation regarding an agreement between the attorneys and the RISC Clerks, fail to allege sufficient facts to raise the allegations of a conspiracy above the speculative level. *See, e.g., Ellibee v. Fox*, 244 Fed.Appx. 839, 843 (10th Cir. 2007)("[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action")(citation

omitted); *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1264 (D.Kan. 2008)(complaint failed to allege sufficient facts of conspiracy between private lawyer and court-appointed mediator to convert private lawyer's actions into actions under color of state law, despite factual allegations of extended telephone conversations between the lawyer and mediator and filing of an ex parte motion by private lawyer seeking to appoint mediator as case manager).

As a result, Plaintiff has not alleged any conduct that would satisfy a claim for relief under § 1983 against Defendants Schrock and Sparr. I therefore recommend that the action against these court-appointed private attorneys be DISMISSED.

### IV. The RISC Clerks: Negligence Not Arise to Constitutional Deprivation

Plaintiff states in his complaint that the RISC Clerks denied his right to due process by failing to exercise "due care" to inform Judge Harwood of the PDO's new policy.[2] Complaint, at 3. In *Daniels v. Williams*, the United States Supreme Court ruled that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." 474 U.S. 327, 328 (1986)(emphasis added). The Supreme Court reasoned that the Due Process Clause was intended to protect individuals from an abuse of power by the government rather than the failure of a government official to measure up to the conduct of a reasonable person. *Id.* at 331-332. As plaintiff's complaint against the RISC Clerks is merely one of negligence, it does not support a § 1983 claim for violation of due process protections.

---

[2]Plaintiff claims the RISC Clerks denied his 6th Amendment right to an attorney, equal protection and his right to bail and witnesses at hearings on December 11, 18 and 26, 2006 because the RISC judges were unaware of the new PDO policy. The 6th amendment right to counsel and other fundamental due process rights are binding on the state as procedural due process rights guaranteed by the 14th Amendment. *Danforth v. Minnesota*, 128 S.Ct. 1029, 1035 (2008)(citing *Gideon v. Wainwright*, 372 U.S. 335 (1963)). However, persons subject to probation revocation hearings, which are by nature civil rather than criminal, are not afforded the full panoply of due process rights. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). The 6th Amendment right to counsel at a probation revocation hearing is absolute, but is determined on a case by case basis. *Gagnon v. Scarpelli*, 411 U.S. 778, 788-791 (1973). Additionally, the rights to receive bail and confront witnesses at probation revocation hearings are not absolute. *U.S. v. Rondeau*, 430 F.3d 44, 47-48 (1st Cir. 2005); *U.S. v. Acevedo-Ramos*, 755 F.2d 203, 206 (1st Cir. 1985). No inquiry need be made into plaintiff's rights to counsel, bail and witnesses in the instant matter, however, because, as discussed herein, his claim that the RISC Clerks' mistakes led to the deprivation of these procedural rights does not support a § 1983 claim for procedural due process violations. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Additionally, although he does not allege any actions taken by the RISC Clerks to carry out a conspiracy, to the extent Plaintiff has sued the RISC Clerks for any intentional actions related to an alleged conspiracy with Schrock and Sparr, such claims also fail. As discussed above, Plaintiff has presented no allegations that raise his bald assertions of a conspiracy above a speculative level, and, thus, the Court need not credit such allegations. *See Twombly*, 127 S.Ct. at 1959. Accordingly, I recommend that the action against the RISC Clerks be DISMISSED for failure to state a claim upon which relief may be granted.

## CONCLUSION

Plaintiff has failed to make claims upon which relief may be granted under § 1983. He names the State of Rhode Island, but a State is not a person under § 1983. Plaintiff names Schrock and Sparr as defendants without alleging facts that would render their conduct as private attorneys action under the color of state law. He claims the RISC Clerks negligently violated his due process rights, but his allegations of negligence, without more, committed by state actors do not support § 1983 due process violations claims. Consequently, I recommend that plaintiff's action be DISMISSED without prejudice and plaintiff's motion to proceed *in forma pauperis* be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
January 6, 2009